IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ARNOLD DORSEY, | * | |
| Petitioner, | * | Civ. Action No. RDB-19-3079 |
| v. | * | Crim. Action No. RDB-14-0275 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

On August 21, 2014, *pro se* Petitioner Arnold Dorsey ("Dorsey" or "Petitioner") pled guilty to one count of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a). (Arraignment, ECF No. 28.) Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), Dorsey and the Government entered into a Plea Agreement in which they agreed that a sentence between 156 and 180 months was an appropriate disposition. (Plea Agreement ¶ 9, ECF No. 29.) Pursuant to that Plea Agreement, three additional pending counts against Dorsey were dismissed by the Government, including a charge under 18 U.S.C. § 924(c), which would have mandated an additional consecutive sentence if the Defendant had been convicted by a jury. On November 26, 2014, this Court sentenced Dorsey to 168 months (14 years) of imprisonment with credit for time served in federal custody since June 11, 2014, followed by 3-year term of supervised release. (Judgment, ECF No. 49.)

Now pending are three *pro se* motions filed by Dorsey: (1) a handwritten letter seeking a reduction in sentence (the "Motion for Reduction in Sentence") (ECF No. 52); (2) a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 62); and (3)

a Motion to Appoint Counsel (ECF No. 69). The Government has filed a response in opposition. (ECF No. 74.) The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons that follow, Petitioner's Motion for Reduction in Sentence (ECF No. 52); Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 62); and Motion to Appoint Counsel (ECF No. 69) are DENIED.

## BACKGROUND

In his Plea Agreement, Dorsey stipulated that the Government could prove the following facts beyond a reasonable doubt at trial. (ECF No. 29 at 9-10.) On December 7, 2013, Dorsey and his co-conspirator, Richard Coleman ("Coleman"), entered a Rent-A-Center in Baltimore City. (*Id.* at 9.) Inside, the conspirators threatened store staff with semi-automatic handguns and demanded access to a cash register, from which they stole over $1,000.00 in US currency. (*Id.*) After ordering the store clerks to the floor and robbing them, Dorsey and Coleman began to flee. (*Id.*) As they attempted to leave the store, police officers subdued them and recovered the stolen cash. (*Id.*)

On June 5, 2014, the grand jury returned a four-count Indictment which charged Dorsey in three Counts: conspiracy to commit Hobbs Act robbery (Count One); Hobbs Act robbery (Count Two); and using, carrying, and brandishing firearms during and in relation to a crime of violence (Count Three). (ECF No. 1.) On August 21, 2014, Dorsey pled guilty to Count One of the Indictment (the conspiracy charge) in accordance with the terms of a Plea Agreement. (ECF No. 29.) Under the Plea Agreement, and pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties stipulated that a sentence between 156 and 180

months was an appropriate disposition.  (ECF No. 29 ¶ 9.)  The parties further stipulated that Dorsey was a career offender pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 4B1.1(a).  (*Id.* ¶ 6(a).)

This Court conducted a Sentencing Hearing on November 26, 2014.  (ECF No. 47.)  As anticipated, the Court found that Dorsey was a career offender under United States Sentencing Guidelines ("U.S.S.G.") § 4B1.1. (Statement of Reasons, ECF No. 50 *SEALED*; Amended Presentence Investigation Report, ECF No. 48.) After adjusting for acceptance of responsibility, Dorsey faced an offense level of 29 and a criminal history category of VI, yielding an advisory Guidelines range of 151 to 188 months of imprisonment.  (ECF No. 50 *SEALED*.)  Consistent with that Guidelines calculation and the parties' agreed-upon sentencing range, this Court sentenced Dorsey to 168 months (14 years) of imprisonment with credit for time served in federal custody since June 11, 2014, followed by a 3-year term of supervised release.  (Judgment, ECF No. 49.)

Dorsey has since filed several motions which seek a reduction in sentence.  On November 6, 2015, Dorsey filed handwritten correspondence (the "Motion to Reduce Sentence") which requested a sentence reduction to 156 months of imprisonment.  (ECF No. 52.)  On May 31, 2016, Dorsey, through the Office of the Federal Public Defender, filed a Motion to Correct Sentence under 28 U.S.C. § 2255 based on the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).[1]  (ECF No. 57.)  On April 24, 2017, this Court granted Dorsey's motion to dismiss that motion.  (ECF No. 60.)  On

---

[1] In *United States v. Johnson*, 135 S. Ct. 2551 (2015), the Supreme Court struck down the Armed Career Criminal Act ("ACCA") residual clause (18 U.S.C. §924(e)(2)(B)(ii)) as unconstitutionally vague.

October 18, 2019, Dorsey filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (ECF No. 62.)  On March 3, 2020, Dorsey filed a Motion to Appoint Counsel. (ECF No. 69.)  The motions are now ripe for review.

## STANDARD OF REVIEW

This Court recognizes that the Petitioner is *pro se* and has accorded his pleadings liberal construction.  *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197 (2007).  Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside, or correct his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to a collateral attack.  *Hill v. United States*, 368 U.S. 424, 426–27, 82 S. Ct. 468 (1962) (citing 28 U.S.C. § 2255).  "If the court finds . . . that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

## ANALYSIS

### I.   Motion to Appoint Counsel (ECF No. 69).

Dorsey petitions this Court to appoint counsel to assist him with his collateral challenge.  There is no Sixth Amendment right to counsel in collateral proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).  A court may appoint counsel to a *pro se* litigant

4

seeking Section 2255 relief if the court determines "that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B).  Rule 8(c) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that a court must appoint counsel only "[i]f an evidentiary hearing is required." *See* Rule 8(c) of the Rules Governing Section 2255 Proceedings.  As Petitioner has adequately presented his claims and grounds for relief, there is no reason to appoint counsel at this time. The interests of justice do not require appointment of counsel, and no evidentiary hearing is necessary in this matter.  Accordingly, Petitioner's Motion to Appoint Counsel (ECF No. 69) is DENIED.

## II.     Motion for Reduction in Sentence (ECF No. 52).

On November 6, 2015, Dorsey submitted handwritten correspondence to this Court seeking a reduction in sentence to 156 months of imprisonment, which would represent the low-end of the applicable Guidelines range.  The correspondence does not cite any legal authority which would permit this Court to grant the requested relief.  In general, this Court "may not modify a term of imprisonment once it has been imposed" unless there are "extraordinary and compelling reasons" for such a modification, or other narrow circumstances apply.  *See* 18 U.S.C. § 3582(c)(1) & (2).

Dorsey has not identified any circumstances warranting a sentence modification. In his correspondence, Dorsey explains that he was "under the impression" that he would receive a lower sentence than the one ultimately imposed, but acknowledges that "no one made [him] any promises" to that effect.  (ECF No. 52 at 1.)  The majority of the letter is dedicated to expressions of remorse for his past conduct and a description of his efforts at self-rehabilitation.  Dorsey also represents that his co-defendant does not object to his motion.

Though Dorsey's efforts at self-rehabilitation are commendable, a sentence modification cannot be granted solely on this basis. Accordingly, Dorsey's Motion for Reduction in Sentence (ECF No. 52) is DENIED.

### III. Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 62)

Career offenders are subject to enhanced Guidelines calculations. The "career offender" designation is only imposed when, *inter alia*, "the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). At the time of Dorsey's sentencing on November 26, 2014, a "crime of violence" included any crime involving "conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(2) (Nov. 2014 ed.). Before its excision from the Guidelines in 2016, this definition was referred to as the "residual clause." *United States v. Brown*, 797 F. App'x 85, 87 n.1 (4th Cir. 2019).

In *United States v. Davis*, 139 S. Ct. 2319 (2019), the United States Supreme Court held that a similar "residual clause"[2] appearing in 18 U.S.C. § 924(c), a criminal statute which provides enhanced penalties for using a firearm during a "crime of violence," was unconstitutionally vague. *See* 18 U.S.C. § 924(c)(3)(B). Before *Davis*, the United States Court of Appeals for the Fourth Circuit had reached the same conclusion in *United States v. Simms*, 914 F.3d 229 (4th Cir. 2019) (en banc), and additionally held that conspiracy to commit Hobbs

---

[2] The residual clause, § 924(c)(3)(B), defined a crime of violence as a crime "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Act robbery was not a "crime of violence" under the remaining definition of that term appearing in § 924(c).[3] *Simms*, 914 F.3d at 233-36.

In his Motion, Dorsey argues that he was wrongfully designated as a career offender because the instant offense of conviction, conspiracy to commit Hobbs Act robbery, is not a crime of violence. To support his argument, Dorsey cites *Davis* and *Simms* for the proposition that "the residual clause is unconstitutionally vague." (ECF No. 62-1 at 4.) Charitably construed, it appears that Dorsey is arguing that conspiracy to commit Hobbs Act robbery cannot qualify as a "crime of violence" because the residual clauses of both § 924(c) and the Guidelines are void for vagueness and, furthermore, that Hobbs Act conspiracy does not qualify as a "crime of violence" under any alternative definitions.

Dorsey's Motion is without merit both because it is untimely and because career offender designations are not subject to vagueness challenges. 28 U.S.C. § 2255(f) imposes a one-year statute of limitations for all petitions filed under § 2255. This limitations period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

---

[3] A provision known as the "force clause," § 924(c)(3)(A), defines a crime of violence as having "as an element the use, attempted use, or threatened use of physical force against the person or property of another.

*Id.*

Dorsey submitted his motion several years after his conviction became final. He argues that his motion is nevertheless timely under 28 U.S.C. § 2255(f)(3) because it was filed within one year of the Supreme Court's decision in *Davis*. Dorsey's motion is untimely because it is not invoking a right "newly recognized" by *Davis*. *See* 28 U.S.C. § 2255(f)(3). *Davis* concerned a constitutional vagueness challenge to the definition of "crime of violence" appearing in 18 U.S.C. § 924(c)(3)(B); it did not address a career offender designation, which is the subject of Dorsey's motion. Accordingly, Dorsey's Motion is untimely and may be DENIED on this basis alone. Even if Dorsey's Motion were timely, however, his career offender designation is not subject to the Due Process vagueness challenge he advances. *See Beckles v. United States*, 137 S. Ct. 886, 892 (2017) (holding that "the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause," because the Guidelines "merely guide the exercise of a court's discretion within the statutory range").

Furthermore, Dorsey had an extensive criminal record, including a series of convictions for robbery and theft. Even without a career offender designation, his criminal history category would have been V instead of VI. Accordingly, Dorsey's Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 62) is DENIED.

## **CONCLUSION**

For the foregoing reasons, Petitioner's Motion for Reduction in Sentence (ECF No. 52); Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 62); and Motion to Appoint Counsel (ECF No. 69) are DENIED.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). Because reasonable jurists would not find Petitioner's claims debatable, a certificate of appealability is DENIED.

A separate Order follows.

Dated: July 13, 2020

                                                         \_\_\_\_\_/s/_____
                                                         Richard D. Bennett
                                                         United States District Judge